City of Chicago, Plaintiff below, v. John Goebel et al., Defendants below.

Eugene J. Holland, Appellee, v. City of Chicago et al. Appeal of Michael Kelly et al., Appellants.

**Gen. No. 40,506.**

74

Opinion filed June 21, 1939.   Rehearing denied July 3, 1939.

BYRON TYLER, HUGH W. HOUSUM and JOHN F. DENIS-SEN, all of Chicago, for appellants and *pro se.*

POLLOCK & LATCHFORD, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This action was instituted by Eugene J. Holland by a petition to establish and enforce a statutory attorney's lien on the proceeds of a judgment of condemnation of certain real estate. Such proceeds, in the amount of $30,000, had been deposited previously with the county treasurer of Cook county to be paid to the owner or owners of and parties interested in the land condemned.

The order appealed from directed the county treasurer to pay to the petitioner $7,000 out of the $30,000 so deposited, and the court retained jurisdiction to enter such other or further orders as to the balance of the money remaining with the county treasurer as should appear proper and necessary to carry out the condemnation judgment. The order was entered on findings by the court.

The petition alleged that the petitioner was engaged as attorney by Thomas J. Grady to represent him and certain described real estate, then the subject of condemnation in the cause entitled *City of Chicago v. John Goebel, et al.;* that Grady was then the owner of said real estate; that the petitioner agreed with Grady to represent him and the property and Grady agreed to

pay the petitioner $7,000 as attorney's fees in the cause, the fee to be paid from the judgment entered for just compensation; that the petitioner entered his appearance in the cause and rendered services for Grady and the property; that by reason of the services so rendered the final judgment for the property taken was increased to $30,000 from the original award by the commissioners of $21,382; that by reason of the contract with the petitioner and the services rendered by him, he claims an attorney's lien on the city of Chicago according to the statute; that the city has deposited $30,000 with the county treasurer of Cook county for the use and benefit of the owner or owners of and parties interested in the compensation to be paid for the property condemned. That Thomas J. Grady, Michael Kelly, Thomas J. Roche, Burton R. Colbert, Wiley W. Mills, as trustee in bankruptcy of the estate of Thomas J. Grady, Byron Tyler, Hugh W. Housum and John F. Denissen, claim to have an interest in the money so deposited but the claims of such parties are inferior to the lien of the petitioner. The petition prays the court to find the petitioner to have a valid first lien for $7,000 on the fund in the hands of the county treasurer, and that the treasurer be directed to pay said sum to the petitioner in full satisfaction of said lien and for general relief.

Respondents Michael Kelly and Thomas J. Roche filed their motion in writing to dismiss the petition on the ground that the county court was without jurisdiction of the subject matter thereof.

Respondents Byron Tyler, Hugh W. Housum and John F. Denissen, likewise filed a motion to dismiss the petition on the ground that the county court had no jurisdiction of the subject matter of said petition. Said motions were denied.

On October 3, 1928, the city of Chicago, pursuant to the provisions of the Local Improvement Act, filed its petition in the county court of Cook county to condemn,

with other property, the property described in the petition.

At that time the record title to said lands was in respondent Thomas J. Roche, as trustee under and by virtue of a deed in trust from Michael J. Hackett, dated June 14, 1921, and recorded in the office of the recorder of deeds of Cook county, on July 5, 1921. On June 20, 1924, there was recorded a deed, dated June 19, 1924, purporting to convey said lands from Thomas J. Roche, as an individual, and Mary Roche, his wife, to Thomas J. Grady. Thomas J. Roche, as trustee never conveyed his title as trustee in said lands, and the record title is still in him as trustee.

In the summer of 1927 Grady told the petitioner, Holland, that there was talk about condemning a piece of property which he owned and that he would like to have it taken care of and get his money promptly if he could, and that he was not satisfied with the offer of $9,000 made by the city for the property. Petitioner told Grady that they would take the matter to court and contest it and try out the issue of just compensation for the property. Grady asked, "What will your fee be?" and the petitioner said, "One-third of any amount I get over $9,000 for you." Grady asked who would pay the expenses and the petitioner said they would come out of his fee. Grady replied, "Go ahead."

On October 4, 1921, an appearance was filed in the condemnation proceeding by Holland & Donovan, as attorneys for Thomas J. Grady. Neither of the respondents, Thomas J. Roche nor Michael Kelly was named in the summons issued in that proceeding, and neither filed or entered an appearance.

The commissioners valued the lands at $21,382, but the court found and adjudged the just compensation to be $30,000, and on December 19, 1930, ordered the city to pay the latter amount to the owner or owners of and parties interested in said lands.

At the time the condemnation judgment was entered Holland said to Grady, "Well, Tom you owe me

$7,001," and Grady replied "Well, get me the money and you will get yours." There was also a conversation between them, that Holland would be paid his fee out of the fund the city was to pay Grady. Holland, however, stated that he did not believe he ever had any conversation with Roche or Kelly in this matter.

On December 9, 1930, petitioner Eugene J. Holland caused to be served on the city of Chicago a notice of claim for an attorney's lien for the amount of his fees for services in the condemnation case, pursuant to and based upon a contract with Grady. Respondent Michael Kelly recovered a judgment on April 22, 1931, against Grady in the municipal court of Chicago for $20,121.55, which was subsequently satisfied to the extent of $3,402, and an execution thereon was returned unsatisfied for the balance. On April 19, 1933, Michael Kelly filed an amended cross-bill in a cause pending in the circuit court of Cook county, in which he alleged the foregoing title of Thomas J. Roche, as trustee; that the aforesaid purported deed from Thomas J. Roche and Mary Roche had never been executed, acknowledged or delivered by them or either of them; that a written agreement, made by Grady, Roche and Kelly at the time the title was so conveyed to Roche in trust, contained a mistake in the description of the property it was intended to describe and that Roche held the legal title to said lands for the use and benefit of himself, Grady and Kelly. The amended cross-bill prayed that the agreement be reformed and corrected and that the purported deed from Thomas J. and Mary Roche, be removed as a cloud on the title of Thomas J. Roche, as trustee, and of the beneficiaries under the trust.

Kelly on November 13, 1934, filed amendments and supplements to his amended cross-bill, in which he alleged the recovery of the judgment in the municipal court of Chicago and the return of the execution thereon unsatisfied, and that after the entry of the judgment, Grady had made a pretended conveyance of

said lands without consideration and to hinder, delay and defraud Kelly out of his just demands and prayed that said conveyance be set aside and that said judgment be established as a first and superior lien against the interest of Grady in said lands and, in default of satisfaction of said judgment that such equitable interest of Grady be sold to satisfy the lien thereof. This cross-bill, as amended and supplemented, alleged that certain persons and corporations therein named claimed some interest in said lands as judgment creditors of Grady, or otherwise, and that. there are other persons whose names are unknown who have, or may claim to have, some right, title or interest in or to said lands. Petitioner Holland was not named as a defendant in or to the cross-bill. Answers were filed to the cross-bill, as amended and supplemented, by Grady, Roche and certain other defendants who did not appear, including unknown owners, and the cause was referred to a master in chancery, who proceeded to take evidence thereon. Said matter was pending in the circuit court when the instant petition was filed. An order was entered in the county court of Cook county on January 21, 1937, directing the city of Chicago to deposit the compensation awarded with the county treasurer of Cook county for the use and benefit of the owner or owners of and parties interested in the lands condemned. In accordance with that order the city did deposit the compensation, in the amount of $30,000 with the county treasurer, who still holds it.

By an assignment in writing dated February 5, 1935, Holland sold, assigned, transferred and set over to Burton R. Colbert all his right, title and interest in and to his attorney's fees for representing Grady in the condemnation proceeding. Subsequently, by written instrument bearing no date but acknowledged February 27, 1935, Colbert reassigned $4,500 of said fees to Holland, and by assignment dated February 1, 1938, assigned $2,300 of said fees to the counterclaimant, F. Burton Bryant.

In this condition of affairs Holland, on February 28, 1938, filed the instant petition in the condemnation proceeding.

In considering the facts in this case the rights of the parties are based largely upon the contract which was entered into on the 14th day of June, 1921, between Thomas J. Grady, Thomas J. Roche and Michael Kelly, and from this contract it appears that Grady purchased the real estate involved in this litigation for the benefit of all the parties to the contract, and for the purpose of subdivision into lots and resale, and that it was agreed by and between the parties to the contract that the property was to be held in trust by Thomas J. Roche for the benefit of the parties to the contract and that the trustee was empowered to transfer the property to either of the other two parties, and among other things it was agreed that Thomas J. Grady was to sell the property at whatever price he considered fair, and it was provided that no lot was to be sold for less than $1,000 and that the profits that might result from the sale of the property was to be divided one-third to Thomas J. Roche, one-third to Michael Kelly, and one-third to Thomas J. Grady, so that by the terms of the contract between the parties Grady had a one-third interest in the amount that might be received by the disposition of the property in which these parties were interested.

Just why the property in question was conveyed to Thomas J. Grady by Thomas J. Roche and his wife does not appear from the facts in the record, although Roche was empowered to transfer said property to such party as the parties to the contract wished to have appointed.

In finding the title to be in the parties named in the contract it is clear that the petitioner Eugene J. Holland was retained by Thomas J. Grady to appear in the litigation, and that as a result of the agreement between these parties the petitioner did appear and a judgment for $30,000 was entered by the court and the

amount deposited with the county treasurer of Cook county to be paid to the owner or owners and parties interested in the land condemned. The petitioner seeks to have allowed $7,000, which was agreed to by Grady as his attorney's fee, and the petitioner seeks to establish an attorney's lien for the amount of his fee for services rendered in the condemnation suit, and the question is raised does the county court have jurisdiction to allow the lien for attorney's fees from the fund in its custody and control.

The petitioner points to sec. 28, Local Improvement Act, sec. 727, Cities and Villages Act, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 76.033], which provides that the county court in condemnation cases may decide between adverse claimants as to the disposition of the proceeds of the judgment, and cites the case of *Standidge v. Chicago Rys. Co.*, 254 Ill. 524, as sustaining his contention that this attorney's lien is enforceable in the county court, that court being a court of law, and we are satisfied from an examination of the law as applied to this case that the county court has jurisdiction to allow a lien in an appropriate case.

Upon the question of this allowance of more than $2,000 in the county court, the question raised is whether or not the county court is limited in its jurisdiction to the sum of $2,000. Of course the question of jurisdiction in this case arises under the Local Improvement Act, and it follows that the court has general jurisdiction to pass upon the questions involved in the condemnation proceeding without regard to the amount involved. This jurisdiction is conferred by sec. 37, par. 738, Cities and Villages Act, ch. 24, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 76.044], and the court having such jurisdiction as to amount, it necessarily follows that it has jurisdiction to enter such further orders providing for the disposition of the proceeds of the condemnation judgment entered in the cause without limit as to amount.

It seems to us that in order to carry out the provision of this Local Improvement Act, the court necessarily must have jurisdiction to carry to completion the disposition of the proceeds of a condemnation judgment, and that of course would apply to the amount that may be allowed an attorney for his services where he has served notice and followed the statute with reference to the application of the Attorney's Lien Act, par. 14, sec. 1, ch. 13, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 9.13], to the amount that may be recovered in the condemnation proceeding, and we are of the opinion that the court has jurisdiction as we have here outlined.

As to the question of the statute of limitations, it does not appear from this record that the city of Chicago, nor Grady, raises this question. So, as long as the judgment is collectible the petitioner's lien thereon is collectible. There is no limit on the time of service of a lien notice. *Mid-City Trust & Sav. Bank v. City of Chicago,* 292 Ill. App. 471. We are satisfied from the record that the order appealed from was warranted and supported by competent evidence. Therefore the court was justified in allowing the entry of the order.

The further thought is conveyed by the respondents that an attorney's possessory lien is not assignable, and they point to the assignment from Holland to Colbert, and urge that because that assignment was void Colbert's assignment to Bryant was void also. Subsequently the assignment to Colbert and Bryant having been disposed of adversely to them, neither party is here on appeal, although Bryant filed an interpleader claiming part of the fee, which he later withdrew, so this question is not serious.

Upon the question of liens our Supreme Court in *Baker v. Baker,* 258 Ill. 418, said: "While the act is remedial in its nature it creates new rights aside from the remedy. The rights of the defendant or debtor are neither increased nor diminished by the act, but this

is not true of the plaintiff or claimant. Under the laws existing prior to the passage of this act a client was under obligation to pay his attorney the fees agreed upon, or, in the absence of an agreement, a reasonable fee. Under the act in question the obligation on the part of the client to pay is the same, but the attorney is given a means for enforcing payment which is of material concern to his client. While the act is entitled as one creating an attorney's lien and for enforcement of the same, and while it in terms gives the attorney a lien for his fees, the lien created partakes but little of the elements and nature of the ordinary lien. It attaches to any verdict, judgment, decree, or the proceeds of any settlement. In other words, it is a lien upon the proceeds, only, of the litigation or settlement of the claim. Should the defendant or debtor ignore the notice claiming a lien and settle in full directly with his adversary, there is no specific property left in his hands which could be applied to the payment of the attorney's fees upon foreclosure or other proceedings to enforce the lien. The only recourse that an attorney has under those circumstances is to bring suit, recover a judgment and collect it in the ordinary way. By serving the notice claiming a lien the attorney in effect becomes a joint claimant with his client in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds, judgment or decree as his client and is entitled to his *pro rata* share thereof. In short, when the notice claiming a lien is served on the defendant or debtor under this statute it has the effect of an assignment of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and is such an assignment that the defendant or debtor is bound to respect.''

As we have indicated in our opinion, Michael Kelly and Thomas J. Roche filed their amended answer to the petition of the petitioner, and in a rejoinder which was also filed by these respondents, they admit that on June 20, 1924, what purports to be a warranty deed from Roche and his wife, was filed of record, and the question here is whether the pending litigation in the circuit court of Cook county in the case entitled *Thomas J. Grady v. Michael Kelly, et al.,* is a bar to the order that was entered by the county court, from which the respondents appeal. In any event it seems that Grady has a one-third interest in the judgment sought to be recovered, in the instant litigation, which was fixed in the condemnation proceeding at $30,000, and having a one-third interest the petitioner seeks a lien for $7,000 for services rendered, which the court considered and allowed. The amount is subject to a lien, and applying the conclusion of the Supreme Court in *Baker v. Baker,* 258 Ill. 418, it is apparent that the petitioner has a joint claim with his client in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client to the extent of the amount of his fee in such proceeds. In allowing the amount as a lien upon the condemnation judgment the court is sustained by the reasoning of the Supreme Court in the case just cited, and from the facts there is no doubt that the petitioner is entitled to an attorney's lien. He served proper notice and the court entered a proper order in the case so far as his interest was concerned.

We are of the opinion that the order entered by the county court was proper. Therefore it is affirmed.

*Order affirmed.*

Denis E. Sullivan, P. J., and Burke, J., concur.