ROBERT L. SILBERSTEIN, Plaintiff-Appellant, *v.* GERALDINE JOOS *et al.*, Defendants-Appellees.

Third District   No. 77-361

Opinion filed May 2, 1978.

Robert L. Silberstein, of Peoria, for appellant.

Thomas V. Cassidy, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Robert L. Silberstein appeals from an order dismissing a petition for adjudication and enforcement of a lien for attorney fees in connection with a personal injury action.

According to the pleadings and motions in the record, William and Geraldine Joos were injured in an automobile accident on August 25, 1974. On September 10, 1974, Mr. and Mrs. Joos signed a contract engaging plaintiff to prosecute or settle all claims for damages resulting from the injuries sustained in the August 25 accident. The contract provided for a contingent fee plus expenses. Plaintiff was discharged by Mr. and Mrs. Joos on October 18, 1974, and sometime thereafter two personal injury suits were filed by Attorney Thomas V. Cassidy on behalf of Geraldine Joos and the estate of William Joos, an incompetent. Both suits were ultimately settled. A court order approving the settlement and dismissing the two suits was filed on October 11, 1976.

On January 6, 1977, pursuant to notices sent by plaintiff, defendants and plaintiff appeared before the Circuit Court of Tazewell County at which time the court ruled orally that no attorney's lien had been filed before the cases were dismissed. That same day plaintiff filed a handwritten petition for adjudication of attorney's lien which was also denied. The written order of the court stated that the handwritten petition was denied as not timely filed.

Plaintiff then filed a separate action (No. 77-Z-55) for adjudication and enforcement of an attorney's lien. Upon special appearances and motions by the various defendants, that action was dismissed for want of personal jurisdiction because defendants were not personally served. Thereafter, the instant action was filed as No. 77-Z-606. Plaintiff alleged in his petition that he rendered services pursuant to his contract with defendants

Geraldine and William Joos and that he has a valid lien against the proceeds of any settlement. He requested that the court adjudicate the rights of the parties and enforce the lien pursuant to statute. Defendants joined in a motion to dismiss the petition for want of jurisdiction of the subject matter and case on the grounds that the orders dismissing plaintiff's petitions in the earlier cases (Nos. 74-L-1620, 76-L-468, and 77-Z-55) were adjudications in favor of defendants. Plaintiff then filed a motion to strike defendants' motion because the motion to dismiss was filed more than 30 days after the complaint was served. The trial court granted defendants' motion to dismiss and denied plaintiff's motion to strike. Plaintiff appeals, contending that the motion to dismiss should not have been granted but rather that the motion to strike should have been allowed.

■■■ Considering first, plaintiff's motion to strike, Supreme Court Rule 181 (Ill. Rev. Stat. 1975, ch. 110A, par. 181) states that defendant may make his appearance in a cause by filing a motion within 30 days after service of summons. However, the trial court may in its discretion permit filing of tardy pleadings (*Greenlee Bros. & Co. v. Rockford Chair & Furniture Co.* (2d Dist. 1969), 107 Ill. App. 2d 326, 246 N.E.2d 64), and we are not persuaded that the court abused its discretion in this case. Under the circumstances we believe the court acted properly when it denied the motion to strike.

The second issue is whether the trial court erroneously concluded that it lacked jurisdiction of plaintiff's petition. Citing *People ex rel. Scott v. Chicago Park Dist.* (1976), 66 Ill. 2d 65, 360 N.E.2d 773, plaintiff argues that none of the earlier rulings adjudicated the merits of plaintiff's petition and therefore cannot serve as a bar to the court's jurisdiction of this cause.

■■■ It is clear, however, that the order entered in cases No. 74-L-1620 and No. 76-L-468 was not a dismissal for lack of jurisdiction. The court stated that the petition was denied because it was not timely filed. An attorney's lien is enforcible only as long as the judgment or settlement is unpaid. (*Cf. City of Chicago v. Goebel* (1st Dist. 1939), 301 Ill. App. 73, 21 N.E.2d 844.) Thus the trial court's denial of the first petition was obviously a ruling that the lien was not longer enforcible. That decision was not appealed and is now *res judicata* as to the petition here.

For the reasons stated, the dismissal order of the Circuit Court of Tazewell County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.