Patrick McArdle, Appellee, v. Great American
Indemnity Company, Appellant.

Gen. No. 41,778.

Heard in the second division of this court for the first district at the June term, 1941. Opinion filed May 14, 1942. Rehearing denied June 5, 1942.

PAYTON J. TUOHY, of Chicago, for appellant.

HARRY I. PARSONS and EDWARD J. MCARDLE, JR., both of Chicago, for appellee; EDWARD J. MCARDLE, JR., of Chicago of counsel.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

An action brought by plaintiff for the recovery of a judgment entered in an attorney's lien adjudication proceeding against Daniel Brady, defendant's assured, upon a policy of liability insurance issued to Brady by defendant. In a trial by the court the issues were found in favor of plaintiff and against defendant in the sum of $1,495. Defendant appeals from a judgment entered upon the finding.

The amended complaint alleges:

"1. The plaintiff, Patrick L. McArdle, says that he is now and for many years past, has been a duly qualified licensed Attorney at Law, practicing in the City of Chicago, County of Cook and State of Illinois.

"2. That on December 16, 1930, he was employed by Marcella Fricot, now Mrs. Daniel Brady, to prosecute a claim for damages against Daniel Brady for personal injuries, caused by said Daniel Brady's operation of his automobile.

"3. That said Daniel Brady (now the husband of Marcella Fricot) carried, in the Great American Indemnity Company, a certain public liability policy of insurance, insuring him against loss due to the operation of his said automobile.

"4. That attached hereto and marked Exhibit 'A' is a photostatic copy of said policy.

"5. That suit was filed in the Circuit Court of Cook County, in case No. B-218800, by said Marcella Fricot against said Daniel Brady; that said suit was defended by said defendant and after the same had been reached for trial, on or about February 11, 1932, defendant compromised and settled said claim of *Marcella Fricot v. Daniel Brady* for . . . $3,250.00.

"6. That after the settlement of said suit as aforesaid, a petition was filed by plaintiff in the Circuit Court of Cook County in the same suit, . . . to adjudicate attorney's fees and enforce lien. Plaintiff

claiming the sum of one-third of said settlement as his fee under and by virtue of the Attorneys' Lien law of the State of Illinois, and the aforesaid agreement of said Marcella Fricot.

"7. That a hearing was had on said petition . . . and after a full hearing of evidence, both for and against said petition, the Court found that the allegations of said petition were sustained, that petitioner (plaintiff herein) was entitled to his lien, and, on October 21, 1932, entered judgment against said Daniel Brady for . . . . $1,083.33, ordered that an execution issue for said sum and costs of suit, and in favor of this plaintiff, for his attorney's fees under his said petition.

"8. That said judgment was carried on writ of error by . . . Brady to the Appellate Court of the First District and the judgment of the Circuit Court was affirmed.

"9. That thereafter . . . Brady sued out a writ of error to the Appellate Court, and said writ of error was dismissed by the Supreme Court, on or about October 15, 1934.

"10. That on January 29, 1934, an execution issued out of the clerk's office of said Circuit Court, was delivered to the Sheriff of Cook County for execution against . . . Brady; that it was duly served on . . . Brady; that on the 3rd day of May, 1934, it was returned to the clerk's office of said Circuit Court with the return 'No property found, no part satisfied.'

"11. That under the terms of said policy of insurance, the defendant agreed 'to pay all sums which the assured (Brady) shall become liable to pay as damages imposed by law for bodily injuries.'

"12. That said policy contains the following provisions:

" 'Bankruptcy or insolvency of the assured shall not relieve the Company of any of its obligations hereunder. If any person . . . shall obtain final judg-

ment against the assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within 30 days after it is rendered, then such person . . . may proceed against the Company to recover the amount of judgment either at law or in equity, but not exceeding the limit of this policy applicable thereto.'

"13. That no part of said judgment has been paid by said Daniel Brady; that the amount of the said policy limit is $5,000.00.

"14. That the defendant has heretofore been frequently requested to pay plaintiff the amount of said judgment of $1,083.33 and costs, but it, the defendant has hitherto failed and refused to pay said judgment or any part thereof.

"Plaintiff asks judgment for $1,083.33 with interest at five per cent from the date of the entry of judgment for said sum and costs, also for costs of trials in the Appellate and Supreme Courts."

Attached to the complaint is a copy of the policy issued by defendant to Brady. The amended complaint was amended by inserting before paragraph 6 the following:

"5-a. That a notice of lien was duly served according to law upon . . . Brady, and that at the time of the settlement of said case and before payment was made, the said defendant was advised and had full knowledge of the fact that a notice of lien had so been served upon Brady; that said notice of lien was transmitted by Brady to the defendant, The Great American Indemnity Company."

The verified second amended answer of defendant admits the facts alleged in paragraphs 1, 2, 3, 4, 5, 5-a, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the amended complaint as amended; alleges that it had no opportunity to defend or contest the proceedings, and that because of the failure of Brady to comply with the terms of

the policy, it is not liable or otherwise bound by any judgment entered against Brady; that under the terms of its policy its liability is limited "to pay all sums which the assured shall become liable to pay as damages imposed by law for bodily injuries, including death at any time resulting therefrom to any person," to defend on behalf of the assured any claims or suits brought against him on account of an accident, and to pay all costs taxed against the assured in any legal proceedings defended by the company, together with expenses of investigation, interest on the judgment, and expenses incurred by the assured for immediate medical relief at the time of the injury; that inasmuch as the plaintiff's claim is not covered by any of the provisions of its policy, there can be no duty or liability on the part of the defendant to pay the same. Plaintiff filed the following reply to defendant's said answer: "That the defendant, prior to the filing and before the hearing on the petition to enforce the said lien, was notified of said proceeding and that during the hearing upon said petition it was notified by plaintiff of the pendency of said petition, and that it waived the service of any process in that proceeding if any were necessary. Plaintiff says that there is no requirement of the law requiring plaintiff to serve any process or notice on the defendant in such a proceeding, and that it is immaterial whether Daniel Brady served or gave Notice in writing or by any other means to the defendant of that proceeding. Plaintiff states that at all times during the pendency of said proceeding to establish the lien defendant knew of said proceedings."

Defendant contends: "A. The defendant cannot be liable to the plaintiff under the terms of the policy of insurance." "B. The Insurer (defendant) cannot be liable to a third party for any claim not arising as a result of 'damages imposed by law for bodily injuries.'"

Plaintiff contends: "I. A. By virtue of Attorney's lien Act, and plaintiff's compliance with the provisions thereof, the plaintiff became joint owner with or assignee, by operation of law of the proceeds of the settlement made with Marcella Fricot. B. The attorney's lien law gave to plaintiff an effective remedy to enforce his lien and obtain judgment. C. Plaintiff, as the assignee, by virtue of the Attorney's lien law, and compliance therewith succeeded to the rights and remedies of the claimant Marcella Fricot to enforce collection of his part of the settlement made. D. Clause E of defendant's policy of insurance gave said Marcella Fricot the right to sue and recover against defendant and plaintiff succeeded to that right. II. Defendant is liable to plaintiff under the terms of its policy of insurance. A. Plaintiff's judgment against defendant's assured, entered under the authority of the Attorney's Lien Act is in effect a judgment for Marcella Fricot for the use of plaintiff. B. Clause E gave Marcella Fricot the right to sue defendant, and plaintiff succeeded to that right. III. A. Plaintiff's judgment is for a claim arising as a result of damages imposed by law for bodily injuries. B. Third party may sue or garnishee the Insurance Co."

It appears in evidence that defendant obtained from Mrs. Fricot a bond securing and indemnifying it against plaintiff's lien before it compromised and settled the case.

The Attorney's Lien Act (Ill. Rev. Stat. 1939, ch. 13, par. 14 [Jones Ill. Stats. Ann. 9.13]) provides:

"That attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients . . . . Provided, however, such attorneys shall

serve notice in writing, which service may be made by registered mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice.''

In *Baker v. Baker*, 258 Ill. 418, the court, in speaking of the effect of service of notice under the Attorney's Lien Act, stated (p. 421): ''By serving the notice claiming a lien the attorney in effect becomes a joint claimant with his client in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds, judgment or decree as his client and is entitled to his *pro rata* share thereof. In short, when the notice claiming a lien is served on the defendant or debtor under this statute it has the effect of an assignment of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and is such an assignment that the defendant or debtor is bound to respect. This creates a new and a substantial right in favor of the attorney and divests the client of substantial rights that he theretofore possessed.''

In *Dreyfuss v. Freud*, 209 Ill. App. 345, 346, the court held that where notice has been duly served by an attorney as provided by the Attorney's Lien Act the attorney becomes a part owner of the decree in favor of the client and stands in the same position as if the client had assigned him an interest in the decree. (See, also, *Tulka v. Chicago City Ry. Co.*, 259 Ill. App. 234, 237.)

Defendant's policy of insurance provides, in clause E:

"Bankruptcy or insolvency of the Assured shall not relieve the Company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the Assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the Company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this Policy applicable thereto."

Defendant makes two points in support of its contention that the instant judgment cannot be sustained: (1) "No *judgment* was ever obtained against Daniel Brady by Marcella Fricot, the plaintiff in the personal injury case; therefore, Marcella Fricot never acquired any rights against the insurer. If Marcella Fricot had no rights against the insurer, the plaintiff, as assignee from her under his attorney's contract and lien notice, could acquire no greater rights than she had. Consequently, although the plaintiff holds a judgment against Daniel Brady, the assured, he can have no right or action against the defendant, as insurer." (2) "The fact that the plaintiff's claim allegedly arose out of bodily injury to Fricot is not sufficient to bring it within the terms of the policy in the instant case." Point (1) amounts to this, that defendant, by craftily avoiding the entry of a formal judgment in the *Fricot* case, could destroy plaintiff's lien. If this contention were sustained it would allow parties to nullify the Attorney's Lien Act. In this connection it is well to remember that our Supreme Court, in *Standidge v. Chicago Rys. Co.*, 254 Ill. 524, held (pp. 534, 535, 536): "Clearly it was the intention of the legislature to give attorneys a lien from and after the service of notice

on the defendant, which would protect them against any settlements that might thereafter be made, regardless of whether the suit had been commenced, was pending or had been finally determined by the rendition of a judgment. The money paid by appellant to appellee's client in settlement of this claim was money 'recovered,' within the meaning of the statute. . . . A settlement may be made with a claimant, under this statute, to the same extent and with like effect as it could have been made before the statute was enacted, the only difference being that under the statute a party, in settling with an attorney's client, must take into account his liability to the attorney for whatever amount of fees would accrue under his contract at the time of the settlement.'' Part of our answer to point (2) also applies to point (1).

Defendant's argument in support of point (2) is that plaintiff's claim, under the law, is a separate and distinct element of damages from the damages that flow from bodily injuries. That there is no merit in point (2) seems plain to us. Under the terms of its policy defendant agreed to pay all sums which the assured under the policy should become liable to pay as damages imposed by law for bodily injuries. Defendant confessed its liability *under the policy* to Brady, the assured, by defending the Fricot suit against him, and by compromising and settling the claim for $3,250, thereby admitting its liability *under the policy* for that amount for damages imposed by law for bodily injuries. Plaintiff, to the extent of the amount of his fees, had the same interest in the proceeds of the settlement as Mrs. Fricot. The attorney's lien proceeding was a part of the *Fricot v. Brady* suit, and in that proceeding plaintiff demanded his one-third of the amount of the settlement made by defendant for damages imposed by law for bodily injuries to Mrs. Fricot. Plaintiff's judgment against Brady was, in effect, for his part of the damages that

arose as a result of said injuries. His claim against defendant in the instant case is, in effect, a claim for his part of the damages that arose as the result of said injuries. Plaintiff acquired his part of the settlement by operation of law, and defendant is liable to plaintiff for that part. In our judgment defendant is in no position to raise points (1) and (2).

We have carefully considered the next contention of defendant, that it cannot be held liable to plaintiff because its assured failed to give it written notice of the filing by plaintiff of his petition under the Attorney's Lien Act, and we find it without merit. In connection with this contention it will be noted that defendant admitted that it handled the defense of the *Fricot v. Brady* case and compromised and settled the same, and that before it compromised and settled the case it obtained from Mrs. Fricot a bond securing and indemnifying it against plaintiff's lien. In view of the facts and circumstances bearing upon this contention it is somewhat surprising that defendant should make it. We hold that defendant is liable to plaintiff.

Defendant, wilfully disregarding plaintiff's rights, compromised and settled the claim of Mrs. Fricot against Brady, on February 11, 1932. More than ten years have elapsed since that time, during which period defendant has bitterly fought the several suits that plaintiff was compelled to bring to obtain his plain rights. We feel impelled to say that it is time that this litigation should end.

The judgment of the circuit court of Cook county should be and it is affirmed.

*Judgment affirmed.*

SULLIVAN and FRIEND, JJ., concur.