Herbert Clarke, Plaintiff Below, v. James H. Ireland and Clem Ireland, Defendants Below, Appellees. George E. Sankstone, Petitioner-Appellant.

Gen. No. 45,708.

Opinion filed June 18, 1952. Rehearing denied July 15, 1952. Released for publication July 17, 1952.

GEORGE YELLEN, of Chicago, for appellant; GEORGE
E. SANKSTONE, of Chicago, *pro se.*

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS and
BEBB and DAVIS, all of Chicago, for appellees; DAVID
JACKER, WILLIAM L. RYAN, and WILLIAM H. SYMMES,
JR., all of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion
of the court.

This is a proceeding to enforce an attorney's lien
(Ill. Rev. Stat. 1951, chap. 13, par. 14) [Jones Ill. Stats.
Ann. 9.13] for attorney's fees and costs of suit on the
cause of action brought by the plaintiff in this cause.
The trial court dismissed the petition and attorney
Sankstone referred to herein as petitioner, has ap-
pealed.

Petitioner's claim is based on a notice of attorney's
lien served March 30, 1950. Plaintiff sued as a poor
person in June 1950, claiming damages for injuries
suffered from an assault. The suit was dismissed early
in 1951 under a stipulation signed by Herbert Clarke.

This proceeding was begun on January 18, 1951 by a
petition which alleged employment by Herbert Clarke
to prosecute his claim against defendants for assault
and battery, false arrest and imprisonment; that a
complaint was prepared and filed, summons issued
and placed in the sheriff's hands for service; that
Clarke was produced for pre-trial examination in the
office of defendants' attorneys; that subsequently a
letter was received by petitioner stating that Clarke
did not wish to proceed further with the claim; that
petitioner was informed that a settlement had been
made; and that petitioner had performed valuable
services and was entitled to reasonable compensation.

Attorneys for defendant James Ireland answered
that neither they nor the insurance company whom

355

they represented on Ireland's behalf nor Ireland had paid Clarke cash or other good consideration as a result of Clarke's suit. Defendants Clem Ireland and William Lewis answered admitting that petitioner performed the services alleged, but denied that they made any settlement with Clarke. They stated that Clarke voluntarily approached Clem Ireland saying he realized that he had no case against defendants and was going to direct his attorneys to dismiss the suit; that Ireland told him he did not care what Clarke did about the claim, upon which Ireland was informed he was not liable; and that no amount of money was paid plaintiff nor any agreement made about dismissal of the suit nor any promise made to pay any consideration.

The issue made on the pleadings is whether a settlement was made between Clarke and defendants or any one of them or by anyone on behalf of them or any of them.

The notice of lien stated that petitioner had a written agreement for reasonable fees. His testimony was that the agreement was oral. We need not decide the question of the contract for we think the trial court properly dismissed the petition for lack of evidence of a settlement.

██ An attorney's lien attaches only to the proceeds of litigation or settlement of the claim. *Baker v. Baker,* 258 Ill. 418. Defendants answer to the petition for enforcing the lien made issue of the allegation that there was a settlement of Clarke's claim. Implied in the trial court's decision is a finding that petitioner had not proved by a preponderance of the evidence that there was a settlement made upon which the lien could attach.

██ The question before us is whether the finding is against the manifest weight of evidence. Petitioner testified on the issue of settlement that in two conversations with attorneys for defendant Clem Ireland

before trial, there was "no definite response" to a settlement; that attorneys for James Ireland "turned down" consideration of a settlement; that Clarke told petitioner he was approached by Clem Ireland to make a settlement of $500; that an attorney for Clem Ireland told petitioner that Ireland "gave Clarke his job back . . . [and] gave him a settlement"; and that "it wasn't very much, around $150 if he could recall."

We cannot on the basis of this testimony infer that because Clarke returned to work for defendants that his annual salary and tips are the proceeds of a settlement. Attorney for Clem Ireland, according to petitioner, said that Ireland settled for "around $150 if he could recall." There is no testimony that Clarke's return to work was a settlement, nor, do we think that the statement about the $150 is proof of a settlement.

In view of our conclusion, *Filipiak v. Zintak,* 264 Ill. App. 392, is not relevant since there is no settlement here to which a lien based on *quantum meruit* can attach. In *McArdle v. Great American Indemnity Company,* 314 Ill. App. 455, the settlement was admitted. We conclude that the finding that a settlement was not properly proved is not against the manifest weight of evidence.

 Petitioner claims that the "entry" of the stipulation was a fraud on the superior court clerk or sheriff of Cook County because no provision was made for payment of the costs of suit as required under Clarke's poor person's affidavit. This claim falls with our conclusion with reference to the settlement. The judgment on the findings is affirmed.

*Judgment affirmed.*

LEWE and FEINBERG, JJ., concur.