ALVA A. BAKER *et al. vs.* CHARLES H. BAKER *et al.* Appellees.—(D. R. ANDERSON, Appellant.)

*Opinion filed, April 19, 1913.*

1. ATTORNEYS' LIENS—*service of notice claiming a lien has the same effect as an assignment.* Under the Attorney's Lien act the service of notice claiming a lien has the same effect as an assignment to the attorney of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the debtor with the client, and is such an assignment as the debtor is bound to respect.

2. SAME—*the Attorney's Lien act is not merely remedial.* The Attorney's Lien act is remedial in its nature, but aside from the remedy it creates a new and substantial right in favor of the attorney and divests the client of substantial rights which he theretofore possessed.

3. SAME—*effect of Attorney's Lien act.* The lien given by the Attorney's Lien act is upon the proceeds, only, of the litigation or settlement of the claim, and by serving the notice the attorney in effect becomes a joint claimant with his client, and to the extent of the amount of his fee has the same interest as his client in the judgment or decree or proceeds of any settlement and is entitled to his *pro rata* share thereof.

4. SAME—*Attorney's Lien act does not apply to contracts made before act took effect.* The Attorney's Lien act does not apply to contracts made between attorneys and clients before the act took effect, as to hold otherwise and give the act retrospective operation would render the act unconstitutional, as violating the obligation of contracts.

5. CONSTITUTIONAL LAW—*rule where a statute admits of two constructions.* Where a statute admits of two constructions, one of which will render it valid and the other invalid, the courts are bound to adopt the construction which will render it valid.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Grundy county; the Hon. EDGAR ELDREDGE, Judge, presiding.

WILLIAM H. BOYS, (D. R. ANDERSON, *pro se,*) for appellant.

C. F. HANSON, and DUNCAN, DOYLE & O'CONOR, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, D. R. Anderson, filed his petition in the circuit court of Grundy county, in a cause there pending in which he represented the complainants, to adjudicate the rights of the parties and to enforce his lien under the Attorney's Lien act of 1909. On motion of appellees the petition was dismissed. On appeal to the Appellate Court for the Second District the order of the circuit court dismissing the petition was affirmed. A certificate of importance having been allowed, this appeal has been perfected.

On May 10, 1907, clients of appellant filed their bill in the circuit court of Grundy county to set aside the last will and testament of one Laura A. Gould, and appellees were made defendants to the bill. Prior to that time appellant had entered into a written contract with his clients for the payment to him of a stipulated percentage of any amount recovered or received in any way as the result of the litigation. Subsequent to the time that the Attorney's Lien act of 1909 went into effect (the cause being still undisposed of) appellant served notice upon each of the appellees of his claim for lien under said act. Afterwards, without the knowledge of appellant, appellees settled the matter in controversy with the complainants in the bill, in which settlement the notice of appellant and his claim for a lien were ignored.

The sole question presented is, whether an attorney is entitled to a lien for his fees when the employment and contract for fees were entered into prior to the passage of the Attorney's Lien act. That act is as follows: "That attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has

been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action : *Provided, however,* such attorneys shall serve notice in writing upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice. On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation." (Laws of 1909, p. 97.)

The contention of appellant is two-fold : First, that the act by its express terms is retrospective ; and second, that it is remedial, only, and therefore applies to contracts entered into before its passage. While the act is remedial in its nature it creates new rights aside from the remedy. The rights of the defendant or debtor are neither increased nor diminished by the act, but this is not true of the plaintiff or claimant. Under the laws existing prior to the passage of this act a client was under obligation to pay his attorney the fees agreed upon, or, in the absence of an agreement, a reasonable fee. Under the act in question the obligation on the part of the client to pay is the same, but the attorney is given a means for enforcing payment which is of material concern to his client. While the act is entitled as one creating an attorney's lien and for enforcement of the same, and while it in terms gives the attorney a lien for his fees, the lien created partakes but little of the elements

and nature of the ordinary lien. It attaches to any verdict, judgment, decree, or the proceeds of any settlement. In other words, it is a lien upon the proceeds, only, of the litigation or settlement of the claim. Should the defendant or debtor ignore the notice claiming a lien and settle in full directly with his adversary, there is no specific property left in his hands which could be applied to the payment of the attorney's fees upon foreclosure or other proceedings to enforce the lien. The only recourse that an attorney has under those circumstances is to bring suit, recover a judgment and collect it in the ordinary way. By serving the notice claiming a lien the attorney in effect becomes a joint claimant with his client in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds, judgment or decree as his client and is entitled to his *pro rata* share thereof. In short, when the notice claiming a lien is served on the defendant or debtor under this statute it has the effect of an assignment of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and is such an assignment that the defendant or debtor is bound to respect. This creates a new and a substantial right in favor of the attorney and divests the client of substantial rights that he theretofore possessed.

All contracts of employment between attorney and client made after this act went into effect are governed and controlled by the act, which becomes a part of the contract itself. To hold that this act applies to a contract made prior to its passage would be to make a new contract between attorney and client, investing one with and divesting the other of substantial rights, and would render the act obnoxious to the constitutional provision concerning laws impairing the obligation of contracts. Where a statute will permit of two constructions, one of which would render it

invalid and the other valid, courts are bound to adopt that construction which will render the act valid. The act can readily be given such a construction as renders it prospective, only, in its effect, and we are of the opinion that it should be so construed as to apply only to such contracts of employment as were made subsequent to its enactment. As the act was not in force at the time this contract of employment was made, appellant was not entitled to claim a lien under it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*