Herman Rendtorff, Appellee, v. Edward W. Lowman, Appellant (Charles A. Kimmel, Intervening Petitioner.)

1. ATTORNEY AND CLIENT, § 138*—*when attorney not entitled to a statutory lien on judgment recovered in favor of his client.* Under paragraph 55 of the Lien Act (Hurd's St. 1911, p. 1489, J. & A. ¶ 611) an attorney is not entitled to a lien for his fees on a judgment recovered by his client, where the judgment was paid to his client several hours before he notified the debtor of his claim for a lien on the judgment.

2. ATTORNEY AND CLIENT, § 138*—*when attorney not entitled to an equitable lien on judgment for his fees.* An attorney is not entitled to an equitable lien on a judgment recovered in favor of his client where the judgment was paid to his client or to some person authorized to collect the same before he notified the judgment debtor of claim for lien in accordance with paragraph 55 of the Lien Act (Hurd's St. 1911, p. 1489, J. & A. ¶ 611.)

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Rendtorff v. Lowman, 184 Ill. App. 391.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Reversed. Opinion filed October 16, 1913. Rehearing denied November 12, 1913.

CAMERON & CAMERON, for appellant.

CHARLES A. KIMMEL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On June 17, 1912, Charles A. Kimmel, an attorney at law, filed a petition in the Circuit Court of Tazewell county to enforce a lien for $232.32 on a judgment against Edward W. Lowman in favor of Herman Rendtorff, for $303.08 in the Circuit Court of Peoria county, of date December 3, 1893, which had been revived. Lowman answered the petition, setting up that the judgment had been paid and satisfied before any notice of lien was served on him. On a hearing, the court found that the petitioner had a lien for $247.56, and that a release of the judgment of date June 1, 1912, was void to the extent of said lien. The court entered an order setting aside said release and directing the sheriff of Tazewell county to proceed to collect the sum of $247.56 by selling certain real estate in Tazewell county, theretofore levied upon under an execution on said judgment, issued to him on May 21, 1912, from the office of the Circuit clerk of Peoria county. Lowman appeals from that order.

The record shows that in 1893, Herman Rendtorff, who resided near Chicago, had a claim against Edward W. Lowman of Peoria. Rendtorff placed the claim in the charge of Snow, Church & Co., a Chicago collection agency, and they sent the claim to H. C. Fuller, an attorney in Peoria, to collect. In December, 1893, Fuller obtained a judgment on this claim for $303.08 against Lowman in favor of Rendtorff, in the Circuit Court of Peoria county. Soon after the judgment was obtained $50 was paid on it, and in February, 1898,

Fuller collected the further sum of $10. Fuller had the judgment revived by scire facias on June 13, 1904. In the early part of 1912, Lowman fell heir to some real estate in Tazewell county by the death of a relative. On April 6, 1912, Charles A. Kimmel, an attorney of Peoria, who had learned that Lowman was indebted to Rendtorff and had advised Lowman to go through bankruptcy and solicited the work of procuring a discharge in bankruptcy for him, wrote to Rendtorff asking if the judgment had ever been paid, and if it had not, then soliciting the collection of it and offering to collect it for fifty per cent. of the amount due. Rendtorff, on April 9th, replied to the letter of April 6th, stating that he would allow a commission of forty per cent. for the collection of the judgment. Early in May, Kimmel in an effort to supplant Fuller wrote a letter to Rendtorff inclosing a postal card addressed to Fuller, on which was written a discharge of Fuller as attorney in this matter and instructing Fuller not to make any settlement with Lowman. The letter requested Rendtorff to sign the postal and mail it to Fuller. Rendtorff neither signed nor sent the card to Fuller, nor gave Fuller any notice that the matter was taken out of his charge. On May 18, 1912, Kimmel had the judgment again revived by scire facias, and on May 20, 1912, caused an execution to be issued to the sheriff of Peoria county, who returned it unsatisfied on May 21. On May 21, Kimmel caused an execution to be issued to the sheriff of Tazewell county. On June 1, 1912, at about 10:30 in the forenoon, Lowman, who had been negotiating with Fuller since early in January for a settlement of the claim, paid the judgment with interest and costs to Fuller, the attorney who first placed the claim in judgment. About 5:30 in the afternoon of June 1, 1912, Kimmel served a notice on Lowman, notifying him that he had an attorney's lien amounting to $232.32 on the Rendtorff judgment.

The sole question presented is whether the petition-

er is entitled to a lien for his fee of forty per cent. of the judgment. The act under which this proceeding is brought in paragraph 55 of the Lien Act (Hurd's Stat. 1911, p. 1489, J. & A. ¶ 611.) This act provides that attorneys at law shall have a lien on all claims, demands and causes of action which may be placed in their hands by their clients for suit or collection for the amount of the fee agreed upon, or in the absence of an agreement for a reasonable fee, provided however such attorneys shall serve notice in writing upon the party against whom their clients have such claims or suit, claiming such lien, and stating their interest therein, and such lien shall attach to any judgment, or to any money or property, which may be recovered from and after the time of service of the aforesaid notice. The appellee contends that although the judgment was paid before he served his notice that he is entitled to an equitable lien. The contention of appellee might be true as against third parties under certain circumstances, but cannot be maintained in favor of an attorney as against a judgment debtor who pays the judgment to the client or to some person authorized to collect the claim before the service of such notice of lien. The statute provides a way by which an attorney may preserve his lien as against the debtor, but until the notice had been served on the debtor he has the right to pay the claim to an attorney, who had it for collection, and from whose hands it had not been taken by the creditor. It is only by serving the notice that the attorney becomes a joint claimant with the client. *Baker v. Baker,* 258 Ill. 418. The order cannot be sustained on the evidence. It is therefore reversed with costs against the intervenor.

*Reversed.*