Appellants, S.M. Clark and H.E. Hutton, seek reversal of the judgment of the Appellate Court for the Third District reversing the order of the circuit court of Vermilion county entered on their petition for lien for attorneys' fees. The Appellate Court remanded the cause, with directions to dismiss the petition. A certificate of importance has been granted, and the cause comes here by appeal.
It appears from the record that Jesse C. Reeves, a locomotive fireman, was killed in a railroad wreck in Vermilion county on October 15, 1922. At the time of his death he was a resident and citizen of Tipton county, Indiana, where his home and domicile, and that of his wife, Jennie Reeves, were located. He was not a resident of Illinois and had never been. On October 23, eight days after Reeves' death, Louis J. Bremer, the public administrator for the county of Vermilion, filed a petition in the probate court setting forth the death of Reeves in that county and stating that he left as an estate a cause of action against the Lake Erie and Western Railroad Company, (appellee here,) and prayed that letters of administration be granted to him as public administrator. On October 23, 1922, an order was entered granting letters of administration to him. On October 24, 1922, Bremer filed in the probate court a petition asking authority to employ attorneys and to institute suit against the railroad company for causing the death of Reeves. This petition set out that there was no estate of Reeves in Illinois other than the cause of action, and asked to be allowed to contract with attorneys on a contingent fee basis, not to exceed one-third of whatever amount was recovered. On that day an order was entered permitting this to be done, and the administrator on that day entered into a contract with appellants by which he retained them "to ask, demand, receive, prosecute, compromise and settle a certain claim, demand and cause of action for damages against the Lake Erie and Western Railroad Company, a *Page 582 
corporation, and for and growing out of the death of the said Jesse C. Reeves in a train wreck on, to-wit, October 15, 1922." The contract of employment authorized appellants, as attorneys, to effect a settlement by suit at law or in chancery, or to compromise the same with the consent of the administrator. On the same day suit was filed in the name of the public administrator against the Lake Erie and Western Railroad Company. On the same day appellants prepared and on the next day served on the agent of the appellee at Hoopeston, Illinois, a notice of their employment by the administrator and that they claimed a lien for their fees, amounting to one-third of whatever was recovered by suit or settlement, and warning appellee to make no settlement without satisfying their claim for fees. The notice of lien did not refer to the suit started on the same day. The summons in the suit was not served on appellee until December 15, 1922. On November 20, 1922, the widow filed a petition in the circuit court of Tipton county, Indiana, asking that the Farmers Loan and Trust Company of Tipton, Indiana, be appointed administrator of her husband's estate, and this was done. On November 22 the trust company, as administrator, filed its petition in the circuit court of Tipton county for authority to compromise and settle the claim against appellee for the death of Reeves for the sum of $6500. An order was entered granting the prayer of that petition. On November 24, which was about three weeks before the service of summons in the suit filed by appellants for the public administrator in Vermilion county, appellee paid to the domiciliary administrator in Tipton county the sum of $6500 in compromise and settlement of the claim of the widow for the death of Reeves, and that administrator executed a release. On January 16, 1923, appellee filed its plea in the suit in Vermilion county, in which it set up the facts hereinabove stated as to the settlement with the domiciliary administrator in Indiana. On February 8 following, appellants filed in the suit in *Page 583 
Vermilion county the intervening petition under consideration, setting up their contract with the public administrator, the fact that they had served notice of their lien on appellee and that the cause had been settled in Indiana, and asked the court to find a lien in their favor for one-third of the sum of the settlement made by the administrator in Indiana.
The appellants claim under an act of the General Assembly creating attorneys' liens and for enforcing the same. (Smith's Stat. 1923, chap. 13, p. 91.) This statute gives attorneys at law a lien upon all claims, demands and causes of action, including claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon between such attorneys and their clients, or in the absence of such agreement, for a reasonable fee, which lien shall attach to any verdict, judgment or decree entered, and to any money or property which may be "recovered on account of such suits, claims, demands or causes of action, from and after the time of the service of the notice of their lien."
Whatever else may be said of this claim, it is evident that appellants are not entitled to recover under the Attorneys' Lien act. In the first place, the lien is made by the statute to attach to a verdict, judgment or decree entered, or to any money or property which may be recovered on account of the suit, claim or demand which they have presented or filed. No hearing has been had on the suit filed by them in Vermilion county. There is nothing to show that the settlement made by the domiciliary administrator, representing the widow, was in any way induced or caused by the hasty filing of petitions and suit by the public administrator in this State, and therefore it cannot be said that the money paid was paid on account of any action either of appellants or their client in this State. There is no evidence that the deceased had any creditors in Vermilion county *Page 584 
or that the widow even knew of this salvo of petitions filed to preserve the estate. It could be and was amply protected in Indiana.
It is not the purpose of the Public Administration act to provide fees for such administrator in a case such as this, when there is no public or private reason for administration in this State and without regard to the interests or wishes of the widow, who is the real party in interest; nor is the Attorneys' Lien act intended to aid counsel in such a case. It would be a monstrous rule that recognized an attempt to prey on the misfortunes of one passing through the State by permitting the collection of a fee of one-third of the amount recoverable by the widow of such luckless individual simply because of diligence on the part of the public administrator and his counsel. Whatever may be said of the rights of the public administrator to prosecute a suit for damages for the death of a resident of another State who happened to be passing through this State when killed in a train wreck, or whatever may be said of the priority of the right of the widow to make settlement of a claim for her benefit, it is evident that appellants did not contribute one iota to the recovery of the money paid. Nothing of value has been recovered by reason of any act done or suit brought by the public administrator or his attorneys. Their efforts were necessary to the protection of no one other than themselves, and even though they had earned some fees, the petition for an order establishing a lien was, to say the least, premature. Whether there ever will or can be a judgment on the suit filed by appellants on behalf of the public administrator in Vermilion county is a matter with which we have no concern.
The Appellate Court was right in reversing the judgment and remanding the cause with directions to dismiss the petition for lien, and its judgment will be affirmed.
Judgment affirmed.
Mr. JUSTICE HEARD took no part in this decision. *Page 585