**SCOTT v. NEW YORK, C. & ST. L. R. CO.**
**Appeal of DOOLEY.**
**No. 9145.**

Circuit Court of Appeals, Seventh Circuit.
Feb. 4, 1947.

James A. Dooley and Royal W. Irwin, both of Chicago, Ill., for appellant.

Douglas C. Moir, and Edward J. Wendrow, both of Chicago, Ill. (Winston, Strawn & Shaw, of Chicago, Ill., of counsel), for appellee New York, C. & S. L. R. Co.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On May 22, 1945 Thomas A. Scott was fatally injured in Indiana while on duty as a brakeman employed by the defendant-appellee, a railroad corporation engaged in interstate commerce. He was survived by his widow, who resided with him in Indiana; they had no children. He had been married twice before and had a minor child by each of his former wives, and these children lived with their maternal grandparents in Illinois.

On June 18, 1945 G. B. Scott, the father of Thomas A. Scott and a resident of Illinois, was appointed administrator of his son's estate by the Coles County Illinois Court. He thereafter employed the appellant, James A. Dooley, as his attorney to represent him in the prosecution of the administrator's claim against the appellee for the wrongful death of said Thomas A. Scott. On June 22, 1945 the appellant gave notice to the appellee of his contract of employment with G. B. Scott, administrator. On June 29, 1945, the appellant filed suit on behalf of said administrator against the appellee in the United States District Court for the Northern District of Illinois, Eastern Division, to recover under the provisions of the Federal Employers' Liability Act for the wrongful death of his decedent.

In the meantime, on June 25, 1945, Gloria Scott, the widow of the decedent, had been appointed administratrix of his estate by the Circuit Court of Clinton County, Indiana, where the decedent had resided, and she thereafter filed action against the appellee in Indiana as such administratrix to recover for the wrongful death of her husband, pursuant to the provisions of the Federal Employers' Liability Act. On August 4, 1945 the Indiana court entered judgment for $15,000 in favor of the plaintiff in that suit. The judgment as entered by the court protected the minor children.

A certified copy of the Indiana proceeding was filed by the appellee in the suit of G. B. Scott, administrator, pending in the United States District Court, and on motion of the appellee the action of G. B. Scott, administrator, was dismissed on September 21, 1945. On October 19, 1945 a motion to vacate the order of dismissal was filed by the administrator. On November 7, 1945 the appellant filed in the cause theretofore dismissed a petition to enforce an attorney's lien in which he set forth that he had been employed by G. B. Scott, administrator, to represent him in settlement by suit or otherwise of the cause of action for the wrongful death of Thomas A. Scott, and that for such services the administrator had agreed to pay the appellant and had assigned to him one-third of any sum obtained or recovered. Nothing was ever received or recovered by the appellant's client. His action was dismissed because judgment had been first obtained in Indiana.

On April 9, 1946 the United States District Court overruled the motion to vacate the order of dismissal and also denied the petition of the appellant for enforcement of his attorney's lien. From so much of the order as denied his petition for enforcement of an attorney's lien, the appellant has appealed.

■■ When Thomas A. Scott met his death by reason of the negligence of the appellee in violation of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., there was but one cause of action for his death. Chicago, Rock Island & Pacific Railway Co. v. Schendel, Administrator, 270 U.S. 611, 617, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265. Since personal representatives were regularly appointed in both Illinois and Indiana to enforce the cause of action, they each had a right to sue thereon, but the action in which judgment was first reached became res judicata as to the other. Since the judgment was first recovered in Indiana, that judgment was res judicata as to the action in Illinois which had not yet reached and never did reach judgment. Chicago, Rock Island & Pacific Railway Co. v. Schendel, Administrator, supra. Therefore, nothing was ever recovered or received by the appellant's

client, G. B. Scott, administrator, in the Illinois court or otherwise, and nothing could be recovered or received.

We put to one side the right of the appellant to file a petition as an intervenor to enforce a claimed attorney's lien in an action that had already been dismissed.

The appellant had no cause of action for the death of Thomas A. Scott. Any claim he had in attorney's fees was a derivative one which had to be worked out through his client. The statute of Illinois relied upon by the appellant to sustain his asserted lien reads as follows:

"That attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action. Provided, however, such attorneys shall serve notice in writing, which service may be made by registered mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action, and such lien shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of the aforesaid notice. * * *" Chap. 13, Para. 14, Ill.Rev.Stat.1945.

The statute gave an inchoate lien upon all "claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by *their clients* * * *." Under this statute, after notice given as provided therein, an attorney has two remedies to protect his fee for services to his client. First, if there has been a sum recovered by suit or paid by settlement, or property has been received by his client, he may pursue his lien by perfecting the lien through proceedings against the fund or property. Secondly, he may as assignee sue the debtor of his client for his interest in the asserted claim. Baker v. Baker, 258 Ill. 418, 421, 101 N.E. 587. We think that if the appellant in the case at bar wished to pursue the lien, he had to fasten upon something. It will appear from the statute that the lien "shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered * * *." Since there was nothing received and nothing could be received by the appellant's client, there was nothing the lien could attach to. The Supreme Court of Illinois in Baker v. Baker, supra, said, 258 Ill. at page 421, 101 N.E. at page 588:

"In other words, it is a lien upon the proceeds only of the litigation or settlement of the claim. Should the defendant or debtor ignore the notice claiming a lien, and settle in full directly with his adversary, there is no specific property left in his hands which could be applied to the payment of the attorney's fees upon foreclosure or other proceedings to enforce the lien."

But as the court pointed out in the same case, an attorney under this statute is not without remedy because he cannot reach a fund or property upon which to attach and perfect his inchoate lien. If his client has received something in the settlement of the cause of action, after notice of the attorney's interest as provided by the statute, the attorney may sue the person against whom claim has been asserted as an assignee of so much of the claim as he is entitled to receive under his contract with his client for fees.

Again, the attorney's rights are worked out through his client. If his client is adjudged, as in this case he was adjudged, to have no cause of action against the appellee, then the client, as assignor, has nothing to assign to the appellant; and the appellant, as assignee of his client, cannot recover if his assignor has nothing to assign. A part of nothing is nothing. The appellant's client had only a right to sue that might ripen into a judgment or settlement. He had no exclusive right to sue

upon nor pursue the single cause of action. Notice to the appellee that the appellant had a claim derived through his client, G. B. Scott, administrator, could not be notice to the appellee of a claim asserted against the cause of action sued upon by the administratrix in Indiana, who was not the appellant's client. The appellant is as completely barred from asserting a claim against the appellee for attorney's fees as if he had been defeated after a trial in the United States District Court in Illinois.

Since there is no fund nor money that had been received by the appellant's client, there was nothing upon which the lien could attach. Since nothing was received nor could be received by the appellant's client, he had nothing to assign to the appellant. The assignee cannot have something where his assignor had nothing.

In the case of Bremer v. Lake Erie & W. R. Co., 317 Ill. 580, 148 N.E. 241, we have a case based on almost the same facts as the instant case. In that case, a fireman who resided in Indiana was killed in Vermilion County, Illinois. The Public Administrator of that county took out letters of administration on the decedent's estate. He was authorized by the Probate Court to employ attorneys to sue the railroad company for the wrongful death of the decedent. Attorneys were employed and filed suit in Illinois for and on behalf of the Public Administrator, and the attorneys notified the railroad company of their contract of employment and interest in the cause of action. The widow of the decedent, who resided in Indiana, requested the appointment of a trust company in that State as administrator. This request was granted, and about the same time as the action in Illinois was filed by the Public Administrator, the Indiana administrator filed an action in Indiana. In the Indiana action a judgment was entered, paid, and satisfied.

Thereafter, the attorneys for the Public Administrator in the action pending in Vermilion County, Illinois, brought by the Public Administrator, filed a claim for a lien of one-third of the sum recovered in the Indiana action—just as was done in the case at bar, except that in the instant case the main suit had been dismissed. In the Bremer case, the petition was allowed by the Vermilion County Court. On appeal, however, the Appellate Court of Illinois ordered the petition dismissed, and this decision was affirmed by the Illinois Supreme Court. It will be observed that no disposition had been made in the Vermilion County Court of the pending action of the Public Administrator. On the authority of Chicago, Rock Island & Pacific Railway Co. v. Schendel, Administrator, supra, no judgment ever could have been recovered in the Vermilion County Court of Illinois. In the course of its opinion in the Bremer case, the Illinois Supreme Court said, 317 Ill. at pages 583, 584, 148 N.E. at page 242:

"In the first place, the lien is made by the statute to attach to a verdict, judgment or decree entered, or to any money or property which may be recovered on account of the suit, claim, or demand which they have presented or filed. No hearing has been had on the suit filed by them in Vermilion county.

* * * * * *

"Nothing of value has been recovered by reason of any act done or suit brought by the public administrator or his attorneys. Their efforts were necessary to the protection of no one other than themselves, and even though they had earned some fees, the petition for an order establishing a lien was, to say the least, premature. Whether there ever will or can be a judgment on the suit filed by appellants on behalf of the public administrator in Vermilion county is a matter with which we have no concern."

This case clearly holds that since nothing had been recovered by the Public Administrator, his attorneys had no claim for fees. The court stated that the petition for fees was premature and that there might never be recovery in the action brought in the Vermilion County Court. That action had not been disposed of. In the instant case the action was dismissed, and the judgment of dismissal has never been appealed from.

The appellant emphasizes Bennett v. Chicago & E. I. R. Co., 327 Ill.App. 76, 63 N.E.2d 527. There an administrator ap-

pointed in Vermilion County, Illinois, employed an attorney, Bennett, to file an action for the wrongful death of the administrator's decedent, but the administrator was removed by the court. A successor administrator was appointed, he hired another attorney, and the case was settled with the second administrator and his attorney. Bennett had given notice of his contract of employment and interest in the cause of action. The administrator in each instance was an officer of the same court. The Appellate Court of Illinois held that the employment of Bennett by the first administrator was a valid contract, and being a valid contract under the Illinois statutes, Chap. 3, Section 441, "When the letters of an executor, administrator * * * are revoked, all acts done by him according to law prior to the revocation of his letters are valid." Therefore, the administrator legally had two attorneys prosecuting the same cause of action, and since the first attorney had given notice of his claim to the railroad company, the latter was bound to recognize his right to his fee and was liable therefor. Since Bennett was the lawful attorney of the first administrator, and by virtue of the statutes of the second administrator, he had a client with whom the railroad company could not settle without having recognized his interest in the claim for fees.

We have no such contract here. The appellant in the instant case had a contract with G. B. Scott, administrator in Illinois, and not with the administratrix in Indiana. He had no client with whom the appellee had settled.

We find no error in the record, and the judgment of the District Court is affirmed.

EVANS, Circuit Judge (dissenting).

Liens for services rendered are commonly allowed by the statutes of the different states. The extent and character of the lien and the property covered thereby, vary somewhat in the different states. The general purpose, however, is the same. It is to protect one who has rendered valuable work or service for another, and to prevent compensation for such service from being defeated.

The lien for legal services, while traceable to the same motive, differs somewhat because of the nature of the services rendered and the results accomplished. Services which give rise to the more widely known mechanic's lien, frequently, if not universally, depend for their existence on a building situated on real estate the title to which is readily lienable. The lawyer's services are not physical in character—they produce no building or other physical property.

There are two outstanding features to such a lien. One is its creation, its existence; the other is the method provided and the steps required for its protection. This is usually through the giving or filing of a notice. In the case of the mechanic's lien, the employee protects his lien by filing the same with the register of deeds or other public official. This notice warns all who thereafter deal with the property. The attorney's lien is protected by the attorney's giving written notice to the debtor or his client's adversary and it effectually prevents such adversary's defeating the claim of the attorney. In all cases, whether the lien be to protect the mechanic or the attorney, the state statute must be examined and the scope and extent of the lien thereby determined. However worthy the claim may be or the extent of the services rendered, the lienholder must rely upon the terms of the statute for the extent and character of his lien protection.

The present case involves an alleged lien under the Illinois statute. A study of the Illinois Lien Act (quoted in the majority opinion) is therefore necessary. Eliminating the unnecessary words from the statute we find it to be as follows:

"Attorneys at law shall have a lien upon all * * * causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit * * * for the amount of any fee which may have been agreed upon by and between such attorneys and their clients."

The lien thus given, however, is only protected "provided, however, such attorneys shall serve notice in writing * * * upon the party against whom their clients

may have such * * * causes of action." The attorney claiming the lien is required to state that he claims a lien and the extent of this interest. When such notice is given, said adversary can settle the cause of action without protecting the lienholder, only at his peril. He can not avoid the lien by settling with the client.

It is hardly necessary to discuss the possibility of abuse under this statute by irresponsible or unethical lawyers. Nor need we go at length into the reasons which caused the legislature of Illinois (as well as other states that have passed somewhat similar statutes) to protect attorneys from defendants who otherwise might overreach the client and obtain releases without adequate payments in this large field of legal disputes known as personal injury litigation. It is sufficient, if we take the law as it is and apply it to the facts as shown in the petition for enforcement of appellant's lien.

The present case would present no difficulty, in the writer's opinion, but for the fact that the "cause of action" which arose upon the death of Mr. Scott, was enforceable by two different administrators. The deceased, Scott, was working for the defendant railroad when he met his death. It is alleged the defendant was guilty of negligence and a cause of action arose upon Scott's death against the defendant, his employer. The proceeds of said cause of action were payable to his widow and the children of the deceased, who had been married three times. He left one child, ten years of age, a daughter of his first wife, which child resided in Illinois at the time of Scott's death. He left a second child, a son, two years old, born of his second marriage, which child also resided in Illinois. Scott also left his widow, his third wife, who resided in Indiana. His death occurred in Indiana. It was therefore legally permissible to secure the appointment of an administrator in Illinois and also to have one appointed in Indiana.

The father of the deceased, doubtless interested in his grandchildren, sought administration in Illinois. The widow, living in Indiana, secured her own appointment in that State. Both administrators were presumably authorized to employ counsel and to bring suit and both exercised this right. Chicago, R. I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265.

It is needless and useless for us to weigh or to speculate over the possible recovery of a suit brought in Chicago, as against the possible recovery, in a suit brought in the state court in Indiana. Doubtless defendant, the railroad company, which had to pay the damages, was vitally interested in this phase of the litigation and had the benefit of much experience in such matters.

At any rate, with the two suits pending, the railroad decided to settle and did settle the Indiana suit, and to ignore the Federal court action pending in Chicago. Our inquiry is limited to the sole question of whether petitioner's lien on the cause of action was defeated by the defendant railroad company's settling with the administratrix in Indiana.

I think it was not. While the employer, the railroad, had the right to settle its case and without bringing the petitioner into the picture, it could not defeat, by such a settlement, the lien which said attorney had acquired. Bennett v. Chicago & E. I. R. Co., 327 Ill.App. 76, 63 N.E.2d 527.

Plaintiff's cause of action is not against any Indiana beneficiary who received the money in the settlement of the Indiana case. It is asserted, and exists, against the railroad company which had notice of the existence of petitioner's lien. It is seemingly beyond dispute that there was but one cause of action, although two parties, the two administrators could each maintain an action to enforce it. Petitioner had a valid lien on that cause of action. It could not be defeated by the defendant nor the client. When notice of its existence was given the defendant railroad, that party had to recognize its existence. It could settle with the others who also had an interest in the cause of action, but it could not by so settling with one or more of the interested, aggrieved parties, satisfy or extinguish the valid lien of petitioner. It is indeed difficult to distinguish between the interest of a valid lienholder's interest in the cause of action and the

interest of the client who has an interest and who liened his interest.

As stated by the Court in Standidge v. Chicago Rys. Co., 254 Ill. 524, 98 N.E. 963, 996, 40 L.R.A.,N.S., 529, Ann.Cas.1913C, 65,

"A settlement may be made with a claimant, under this statute, to the same extent and with like effect as it could have been made before the statute was enacted, the only difference being that under the statute a party, in settling with an attorney's client, must take into account his liability to the attorney for whatever amount of fees would accrue under his contract at the time of the settlement."

Quite pertinent is the language of the court in Baker v. Baker, 258 Ill. 420, 101 N.E. 588,

"By serving the notice claiming a lien the attorney in effect becomes a joint claimant with his client in any judgment or decree that may be rendered, or in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds, judgment, or decree as his client, and is entitled to his pro rata share thereof. In short, when the notice claiming a lien is served on the defendant or debtor under this statute, it has the effect of an assignment of an interest in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and is such an assignment that the defendant or debtor is bound to respect. This creates a new and a substantial right in favor of the attorney, and divests the client of substantial rights that he' theretofore possessed."

Whether defendant concluded to settle the Indiana suit even though it had later to settle with petitioner rather than take a chance on a much larger award in the Chicago court, is not for us to speculate over. Suffice it to say, it could not avoid petitioner's lien by so settling.

Counsel for appellee relies heavily upon the Bremer decision, 317 Ill. 580, 148 N.E. 241. The decision is not one to invite confidence. A bad factual situation often makes for an unfortunate legal holding.

The decision is out of line with many Illinois decisions on the same subject (See annotations to statute, in Chapt. 13, Sec. 14, Smith-Hurd, Illinois Annotated Statutes.) It is clearly violative of the statute.

The conclusion reached could well have been predicated on the holding that the facts disclosed the appointment of a public administrator was unauthorized. An order of such appointment was void. The public administrator had no authority upon the facts disclosed to maintain suit on the death claim. Having no authority to bring the action he was without authority to employ counsel to bring such an action and create a lien against the cause of action therefor. The unconscionable conduct of the public administrator aroused the judge's righteous indignation and he wrote said indignation into the opinion. I think the opinion should be read as holding the public administrator could not employ the counsel and bring the action to recover for a death upon the facts shown in that case to exist.

If the opinion in this case goes further than to hold the appointment of the public administrator was unauthorized and void, which is as far as it needed to go, its dictum is contrary to the holdings of the other Illinois courts, from whose opinions the above quotations are made.

I can not escape the logic of the language used by the court in the late case of Bennett v. Chicago & E. I. R. Co., 327 Ill.App. 76, 82, 63 N.E.2d 527, 530,

"In view of our conclusion that plaintiff's contract with the first administrator was a valid undertaking, and that the railroad company had knowledge thereof and notice that he claimed a lien by reason thereof, it would logically follow that when the railroad company settled the claim with the second administrator without notifying plaintiff, it did so at its peril and should therefore be subjected to the liability contemplated by the statute * * *."

The validity of the attorney's lien must stand two tests: (a) Did the Illinois administrator have authority to employ counsel to enforce the cause of action arising out of the death of the deceased employee?

(b) If so, could the lien which arose by reason of such employment be defeated or extinguished without the holder's consent?

The first question must be answered in the affirmative; the second inquiry, in the negative.

In disposing of the case, emphasis should be given to the fact that appellant's claim is against the railroad which settled its liability for negligence with knowledge of the existence of appellant's lien and in defiance of it. Common professional courtesy supports the plain language of the statute in this case, in saying to the railroad, you acted at your peril.

It is hardly necessary to say that I dissent from the conclusion reached by my brethren.