# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866

---

| | |
|---|---|
| Appellate Court Caption | RICHARD C. MOENNING, Plaintiff-Appellant, v. UNION PACIFIC RAILROAD COMPANY, a Utah Corporation, COMMUTER RAIL DIVISION, the Operation Division of the Regional Transportation Authority, and RICHARD GLADKOWSKI, Defendants, and NORMAN J. LERUM, Petitioner-Appellee. |
| District & No. | First District, First Division <br> Docket No. 1-10-1866 |
| Filed | February 21, 2012 |
| Rehearing denied | March 20, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the injuries plaintiff suffered while disembarking from a car of a passenger train, where the judgment entered for plaintiff was upheld on appeal and plaintiff's trial counsel filed a petition to adjudicate his attorney's lien, the trial court's orders granting the petition and denying plaintiff's motion to reconsider were affirmed, since plaintiff failed to file with the appellate court the report of the proceedings in the trial court on the petition to adjudicate or a bystander's report or an agreed statement of facts, and under those circumstances, the orders would be presumed to be in conformity with the law and have a sufficient factual basis. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-L-8443; the Hon. Eileen Mary Brewer, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Richard C. Moenning, of Chicago, appellant *pro se*.

Norman J. Lerum, P.C., of Chicago (Norman J. Lerum, of counsel), appellee *pro se*.

Panel

JUSTICE ROCHFORD delivered the judgment of the court, with opinion.

Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Richard C. Moenning, an attorney, brought this action against defendant, Union Pacific Railroad Company (Union Pacific), for personal injuries he suffered while disembarking from a passenger train car, which was off the platform. Attorney Norman J. Lerum represented plaintiff in his pursuit of those claims in the trial court. Plaintiff now challenges the circuit court's orders granting Mr. Lerum's petition to adjudicate his attorneys's lien and denying plaintiff's motion to reconsider that order. We affirm.

¶ 2                                    BACKGROUND

¶ 3     In his complaint, plaintiff raised claims of negligence and wilful and wanton conduct against Union Pacific. The case proceeded to trial. The trial court granted defendant a directed verdict on plaintiff's wilful and wanton claim. On June 29, 2007, the jury returned a verdict in favor of plaintiff in the amount of $125,000, after finding plaintiff was 50% at fault for his injuries. Plaintiff, in a combined motion, moved for a new trial and for sanctions pursuant to Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)) against defendant for having denied it was negligent. Plaintiff's motions were denied. Plaintiff timely appealed from the judgment entered on the jury verdict and the order denying his combined posttrial motion and motion for sanctions. The notice of appeal stated:

"By this Appeal, the plaintiff will ask the Appellate Court to vacate and/or reverse the jury's finding that the plaintiff was 50% contributorily negligent and then enter judgment in plaintiff's favor for $250,000, the total amount of damages which the jury found the plaintiff had suffered as a proximate result of defendant Union Pacific Railroad Company's negligence. The plaintiff also will ask the Appellate Court to reverse and remand the denial of his Motion for Sanctions Pursuant to Supreme Court Rule 137.

Alternatively, the plaintiff will ask that the Appellate Court vacate the jury's verdict, reverse the aforementioned June 29, 2007, Judgment, and remand this matter for a new

trial on damages only, or on all issues. Alternatively, the plaintiff will request such other and further relief as may be deemed appropriate."

Defendant did not appeal the judgment. Plaintiff, in his brief on appeal, made two arguments: (1) the jury's finding as to his contributory negligence was contrary to the evidence; and (2) the trial court erred in granting defendant a directed verdict as to the wilful and wanton claim. We affirmed the judgment of the circuit court on September 14, 2009. See *Moenning v. Union Pacific R.R. Co.*, No. 1-08-0543 (2009) (unpublished order under Supreme Court Rule 23). Plaintiff filed a petition for leave to appeal, which was denied on March 24, 2010. *Moenning v. Union Pacific R.R.*, 236 Ill. 2d 508. The mandate from this court to the circuit court issued on May 7, 2010.

¶ 4 On September 22, 2009, Mr. Lerum, who had represented plaintiff in the trial court but not on the appeal from the judgment on the personal injury suit, filed a petition to adjudicate and enforce his attorneys lien pursuant to the Attorneys Lien Act (770 ILCS 5/1 (West 2010)). The petition attached a copy of a signed contingency fee agreement (agreement), which provided that plaintiff agreed "to pay and hereby *** assign to Norman J. Lerum an amount equal to one-third (33⅓%) of all monies recovered (gross recovery) before, during or after trial, whether by suit, settlement or otherwise, *excluding any recovery made during or after an appeal or a retrial.*" (Emphasis added.) Plaintiff also agreed to reimburse Mr. Lerum for all expenses incurred during the course of the litigation. The agreement did not obligate Mr. Lerum to represent plaintiff on any appeal.

¶ 5 In his petition, Mr. Lerum alleged that he expended 341.5 hours in connection with the pursuit of plaintiff's suit in the trial court and set forth, in detail, the services he performed on behalf of plaintiff, including: the preparation of pleadings, discovery and motions; court appearances; and preparation for and representation of plaintiff at trial. The petition itemized the unpaid litigation expenses, which totaled $9,471.03.

¶ 6 Mr. Lerum further alleged that, on July 13, 2007, a notice of attorneys lien (notice) was served by certified mail on Union Pacific at its Chicago office, located at 101 North Wacker Drive, Room 1920. The notice was addressed to Thomas W. Cushing, an attorney in the law department of Union Pacific. On July 18, 2007, the notice was accepted by a signature of "M. Bovenza." A copy of the notice and the certified mail receipt were attached to the petition. Mr. Lerum asserted that the notice was served on Union Pacific during his attorney-client relationship with plaintiff.

¶ 7 Plaintiff filed a response to Mr. Lerum's petition asserting, generally, that Mr. Lerum had not properly perfected his lien, and, therefore, the circuit court lacked subject-matter jurisdiction to adjudicate the lien. The trial court, after a hearing held on December 2, 2009, in a written order, granted the petition "in the amount of $51,137.69 plus a proportionate share of statutory interest from the entry of judgment." The order included findings that the service of the notice was proper, and the notice was properly directed to Thomas Cushing, "an attorney and officer of the Union Pacific Railroad." The record on appeal does not contain a report of proceedings or bystander's report as to the December 2, 2009, hearing.

¶ 8    In his motion to reconsider, filed on January 4, 2010, plaintiff, for the first time, asserted that the trial court was divested of jurisdiction to hear the petition to adjudicate the lien because his petition for leave to appeal as to the judgment in his personal injury suit was still pending, and, therefore, the mandate had not yet issued. Plaintiff also argued the trial court had made "erroneous findings" and failed to make "necessary findings" as to the sufficiency of the notice and petition. Finally, plaintiff contended the attorney-client relationship had terminated prior to the service of the notice, and the petition had failed to state the specific amount of the interest Mr. Lerum had in the judgment. Plaintiff's motion to reconsider did not include evidentiary support. On February 3, 2010, Mr. Lerum filed his response to the motion for reconsideration.

¶ 9    However, plaintiff failed to notice his motion to reconsider for hearing within 90 days of its filing, as provided in Circuit Court of Cook County Rule 2.3 (Cook Co. Cir. Ct. R. 2.3 (July 1, 1976)). On April 11, 2010, Mr. Lerum filed a motion to deny plaintiff's motion for reconsideration for violation of Rule 2.3. In his response, plaintiff argued his refusal to call his motion to reconsider for hearing was justified on the ground that the circuit court was without jurisdiction until the mandate from the appellate court as to the judgment on the jury verdict was returned.

¶ 10   After hearing oral arguments on both motions, the trial court, on June 4, 2010, granted Mr. Lerum's motion to deny the motion for reconsideration and denied plaintiff's motion to reconsider. At that time, the mandate as to plaintiff's original appeal had issued.

¶ 11   Plaintiff filed a notice of appeal from the December 2 , 2009, and June 4, 2010, orders on June 30, 2010. Plaintiff did not post an appeal bond and did not seek to stay enforcement of the orders pending appeal.

¶ 12   On July 14, 2010, Union Pacific filed a motion for release of judgment, stating it had tendered payment of judgment plus interest to both plaintiff and Mr. Lerum on June 24, 2010. Plaintiff declined the tender. Union Pacific sought to terminate the running of statutory interest on the personal injury judgment and to distribute the funds to the clerk of the circuit court. Mr. Lerum then filed a motion for turnover of funds adjudicated to belong to him pursuant to the December 2, 2009, order. This motion is not included in the record on appeal. However, an unstamped copy of Mr. Lerum's motion is included in the appendix of the appellee's brief.

¶ 13   The circuit court entered an order on July 21, 2010, which granted Mr. Lerum's motion to enforce the December 2, 2009, order; found that on June 24, 2010, Union Pacific had made a proper tender as to the amounts owed to Mr. Lerum and plaintiff including costs and interest; and authorized the payment of $64,931.48 by Union Pacific to Mr. Lerum in full and final satisfaction of all sums owing to him under the court order of December 2, 2009, and payment of $73,862.31 by Union Pacific to plaintiff in full and final satisfaction of all sums owing to plaintiff under the verdict. On November 9, 2010, the circuit court corrected the July 21, 2010, order to read that the sum payable to the clerk of the circuit court on behalf of plaintiff was $93,804.12.

¶ 14      On appeal, plaintiff argues: (1) because the mandate had not issued as to his original appeal, the circuit court was divested of jurisdiction on December 2, 2009, when it granted the petition to adjudicate the attorneys lien; and (2) Mr. Lerum had failed to perfect his attorneys lien, and, therefore, the trial court lacked subject-matter jurisdiction to grant his petition. Mr. Lerum, in turn, argues: (1) the December 2, 2009, and January 4, 2010, orders were not final orders, and, therefore, this court lacks appellate jurisdiction; (2) the trial court had jurisdiction to consider the petition to adjudicate his attorneys lien, as it was a matter independent of and collateral to the judgment on appeal; and (3) the trial court properly held that the lien had been perfected in accordance with the Attorneys Lien Act and committed no error in the adjudication of his lien.

¶ 15                          Attorneys Liens

¶ 16      Before addressing the issues raised by the parties, we will examine the nature of an attorneys lien and procedures relating to the enforcement and adjudication of an attorneys lien under the Attorneys Lien Act.

¶ 17      Where, as here, there is an agreement as to fees, the Attorneys Lien Act "provides that attorneys 'shall have a lien upon all claims' pursued on behalf of their clients for the amount of any fees agreed upon by the attorney and client." *Kovitz Shifrin Nesbit, P.C. v. Rossiello*, 392 Ill. App. 3d 1059, 1064 (2009) (quoting 770 ILCS 5/1 (West 2006)). The attorney is required to perfect the lien by serving written notice of the lien on the party against whom the claim is made. *Id*. "The lien attaches to any money or property recovered in the matter upon the disposition of the claim." *Id*. Thus, once notice of the lien is served, " 'the attorney in effect becomes a joint claimant with his client *** in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds *** as his client and is entitled to his *pro rata* share thereof.' " *People v. Philip Morris, Inc.*, 198 Ill. 2d 87, 97-98 (2001) (quoting *Baker v. Baker*, 258 Ill. 418, 421 (1913)). The notice of lien informs the party of the claim and prohibits resolution of the suit or claim in disregard of the lien. *Kovitz Shifrin*, 392 Ill. App. 3d at 1064.

¶ 18      To enforce the lien, "the attorney must file a petition in a court of competent jurisdiction to 'adjudicate the rights of the parties.' " *Id*. (quoting 770 ILCS 5/1 (West 2006)). Once the petition is filed, the court must hold a hearing within five days and hear evidence related to the services rendered by the attorney and determine the rights of the parties. *Id*. at 1064. The circuit court that heard the underlying matter or has jurisdiction over the recovered money is a court of competent jurisdiction to adjudicate a lien. *Philip Morris, Inc.*, 198 Ill. 2d at 95.

¶ 19      At the hearing on the petition, the attorney has the burden to make a *prima facie* showing that there has been compliance with the Attorneys Lien Act. *Kovitz Shifrin*, 392 Ill. App. 3d at 1064. The court must hear evidence as to the services rendered by the attorney and decide the rights of the parties. *Id*.

¶ 20                               Circuit Court Jurisdiction

¶ 21    Plaintiff argues the circuit court was divested of jurisdiction to adjudicate the lien because the mandate as to his appeal from the personal injury judgment had not yet issued. We disagree.

¶ 22    A timely notice of appeal "vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed, or modified." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). Upon the filing of the notice of appeal, "the cause of action is beyond the jurisdiction of the circuit court." *Id*. However, the circuit court retains jurisdiction to decide matters that are independent of or collateral or incidental to the judgment. *Id.* at 173-74; *Wierzbicki v. Gleason*, 388 Ill. App. 3d 921, 926 (2009). "Collateral or supplemental matters include those lying outside the issues in the appeal or arising subsequent to delivery of the judgment appealed from." *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1073 (1987). Thus, we must determine whether the circuit court was divested of jurisdiction to hear the petition to adjudicate the attorneys lien, or whether this matter was incidental or collateral to or independent of the judgment on appeal.

¶ 23    We find our supreme court's recent decision in *General Motors Corp.* to be helpful to this analysis. In that case, the Cook County tax collector (collector) reached agreements in certain tax valuation objection cases which required the refund of overpaid taxes plus interest as set forth in section 23-20 of the Property Tax Code. 35 ILCS 200/23-20 (West 2006). At the time the taxes were paid, section 23-20 provided for a 5% interest rate on tax refunds. *General Motors Corp.*, 242 Ill. 2d at 168. However, section 23-20 was amended, effective January 1, 2006, to provide that the rate of interest should be the lesser of a rate based on the Consumer Price Index (CPI) or a flat 5% rate. *Id*. at 167. The collector paid the settlements based on the then-lower CPI rate. *Id*. at 168. Plaintiffs filed a motion to enforce the judgments requesting interest at the 5% rate, which was applicable at the time the taxes were paid. *Id*. The circuit court ordered that interest be paid at a rate of 5% from the date of the tax payments through December 31, 2005, and at the CPI rate from January 1, 2006, forward. *Id*. The collector filed notices of appeal in the cases seeking to vacate the parts of the orders requiring payment of 5% interest. *Id*. at 169. The collector also filed motions in the circuit court to stay the payments to the objectors of the 5% interest under section 23-20 pending appeal. *Id*.

¶ 24    The trial court stayed that portion of its orders requiring the payment of 5% interest pending appeal, but ordered, in each case, that plaintiff was " 'entitled to the payment of judgment interest at the rate of 6% per annum pursuant to [section 2-1301 of the Code of Civil Procedure] on the amount of interest stayed and not paid to Plaintiff pending the outcome of any appeal, from the date of final judgment ordering a property tax refund in this matter, through the date the additional interest is paid to Plaintiff.' " *Id*.

¶ 25    The supreme court found the circuit court had jurisdiction to award judgment interest as it was a matter collateral to the judgments on appeal. *Id*. at 175. The court noted that the trial court's order "did not affect or alter the issue from which the collector filed her notices of appeal." *Id*.

¶ 26    In this case, plaintiff had filed a notice of appeal from the judgment entered in his personal injury suit and the denial of his posttrial and sanctions motions. In his brief, plaintiff argued error as to the jury's finding that he was 50% at fault and the directed verdict as to his wilful and wanton claim. The petition to adjudicate the attorneys lien did not address these issues or challenge the judgment, which was subject to the earlier notice of appeal. The circuit court's orders granting the petition to adjudicate the attorneys lien and denying the motion to reconsider did not affect or alter the issues that were then on appeal.

¶ 27    Furthermore, the petition to adjudicate the lien was not pending at the time plaintiff filed his notice of appeal from the original judgment. We find *Town of Libertyville* and *Hartford Fire Insurance Co. v. Whitehall Convalescent & Nursing Home, Inc.*, 321 Ill. App. 3d 879 (2001), instructive as to this point. In *Town of Libertyville*, the trial court dismissed the complaint for condemnation and the Town of Libertyville appealed. *Town of Libertyville*, 152 Ill. App. 3d at 1067-68. After the notice of appeal was filed, defendant sought attorney fees and costs under section 7-123(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, ¶ 7-123(a)), which authorized such payment to a successful defendant in a condemnation action. *Town of Libertyville*, 152 Ill. App. 3d at 1068, 1072. The circuit court was found not to have been divested of jurisdiction to consider defendant's motion for fees and costs, while the condemnation judgment was appealed, for these reasons:

> "Here, attorney fees and costs were sought pursuant to section 7-123(a) and application could not be made thereunder until final judgment in the condemnation suit. The application for these fees and costs lies outside the issues in the underlying judgment and there is no time set in section 7-123(a) for seeking these expenses. Moreover, a litigant may wish either to wait until the appeal process ends before filing an application or to proceed at a time after the judgment is entered. Accordingly, the notice of appeal from the final judgment in the condemnation proceeding did not deprive the trial court of jurisdiction to hear the collateral or supplemental matter of fees and costs pursuant to section 7-123(a)." *Town of Libertyville*, 152 Ill. App. 3d at 1073 (citing *Hise v. Hull*, 116 Ill. App. 3d 681, 684-85 (1983) (a petition for attorney fees pursuant to section 2-611 of the Code of Civil Procedure then in effect (Ill. Rev. Stat. 1981, ch. 110, ¶ 2-611) brought as a separate action after a dismissal would not impact appeal from dismissal), *In re Estate of Trampenau*, 88 Ill. App. 3d 690, 698 (1980) (where court noted that a trial court may not lose jurisdiction to hear a petition for attorney fees under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, ¶ 41) after the filing of a notice of appeal), and *Chicago Title & Trust Co. v. Czubak*, 67 Ill. App. 3d 184, 185 (1978) (trial court had jurisdiction to hear section 41 petition for attorney fees that did not affect the appeal)).

¶ 28    The trial court, in *Hartford Fire Insurance Co*., found Hartford did not have a duty to defend or indemnify its insured in a suit alleging improper billing. *Hartford Fire Insurance Co.*, 321 Ill. App. 3d at 884. After the insured filed a notice of appeal, Hartford moved for reimbursement of the fees and costs relating to the defense of the underlying suit against its insured. *Id*. The appellate court found the trial court had jurisdiction to hear the motion as it had no bearing on the judgment as to the declaratory action and was not pending at the time the ruling was made or the appeal taken. *Id.* at 887 (citing with approval *Physicians*

*Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 452 (2000) (where court found motion for costs pursuant to section 5-109 of the Code of Civil Procedure (735 ILCS 5/5-109 (West 1998)) was collateral to original judgment as it did not directly challenge or bear on that judgment and did not modify the judgment)).

¶ 29        Similarly, Mr. Lerum brought his petition to adjudicate his lien and determine his right to a share of the jury verdict after the notice of appeal from that verdict had been filed. The Attorneys Lien Act does not set forth a time for bringing a petition to adjudicate, but does require a hearing on the petition within five days of its filing. A hearing on a petition to adjudicate an attorneys lien relates to whether there has been compliance with the Attorneys Lien Act and the scope of the services provided. We note that under the agreement, Mr. Lerum was not entitled to fees based on "any recovery made during or after an appeal or retrial." Mr. Lerum's petition to adjudicate his lien did not impact the issues that then were on appeal–whether the jury's finding of contributory negligence and the entry of a directed verdict on the wilful and wanton claim were proper. The circuit court, which had heard the personal injury suit, was a court of competent jurisdiction to hear the petition (*Phillip Morris*, 198 Ill. 2d at 95) and was not divested of jurisdiction by plaintiff's earlier notice of appeal.

¶ 30                                    Appellate Jurisdiction

¶ 31        Mr. Lerum asserts this court is without jurisdiction to consider the trial court's orders of December 2, 2009, and June 4, 2010, as these orders were not final and appealable. We disagree.

¶ 32        The order of December 2, 2009, granted the petition to adjudicate the attorneys lien and fully determined the rights of the parties as to this issue and claim. The December 2, 2009, order was a final order subject to appeal. See *Hartford Fire Insurance Co.*, 321 Ill. App. 3d at 885 ("A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely the rights of the parties to the litigation."). Supreme Court Rule 303(a)(1), which governs appeals from final judgments in civil cases, provides in relevant part:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008).

Plaintiff timely filed a motion to reconsider the December 2, 2009, order and then filed his appeal within 30 days after the denial of his motion to reconsider, in compliance with Rule 303(a)(1). *Id.*

¶ 33        Mr. Lerum, however, argues the subsequent motions–his motion to enforce the December 2, 2009, order, and Union Pacific's motion for release of judgment–made plaintiff's appeal from the December 2, 2009, order, after the denial of the motion to reconsider, premature.

¶ 34    For a motion in a nonjury matter to qualify as a posttrial motion, which tolls the time for taking an appeal within the meaning of Supreme Court Rule 303(a)(1), the movant must request one or more of the types of relief set forth in section 2-1203 of the Code of Civil Procedure. 735 ILCS 5/2-1203 (West 2010); *Hayes Machinery Movers, Inc. v. REO Movers & Van Lines, Inc.*, 338 Ill. App. 3d 443, 445 (2003). Section 2-1203(a), which governs postjudgment motions in nonjury cases, states:

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2010).

The "other relief" language in section 2-1203(a) has been interpreted to mean relief similar in nature to the other forms of relief specifically set forth in that section. *R&G, Inc. v. Midwest Region Foundation for Fair Contracting, Inc.*, 351 Ill. App. 3d 318, 321 (2004).

¶ 35    Mr. Lerum's motion relating to enforcement of the December 2, 2009, order and Union Pacific's motion for release of judgment did not, in any way, attack or challenge the December 2, 2009, order. These motions did not constitute postjudgment motions under section 2-1203(a) and, therefore, did not toll the time for filing a notice of appeal from the December 2, 2009, order. See *James v. Lifeline Mobile Medics*, 341 Ill. App. 3d 451, 455 (2003) (appeal did not divest trial court of jurisdiction to hear enforcement issues). As plaintiff's notice of appeal was timely filed, we have jurisdiction to hear this appeal.

¶ 36                      Trial Court's Rulings as to the Attorneys Lien

¶ 37    Before deciding the petition to adjudicate the lien, the trial court held a hearing and then found the lien was perfected properly. The trial court further found that Thomas Cushing was an officer of Union Pacific and service of the lien was properly directed to him. Finally, the trial court determined the amount of fees and costs owed to Mr. Lerum, pursuant to the lien. Plaintiff argues the trial court erred in deciding the lien was properly perfected and, therefore, lacked subject-matter jurisdiction.

¶ 38    As the appellant, plaintiff "has the burden of presenting a sufficiently complete record of the proceedings *** to support a claim of error." *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). In the absence of a complete record, a reviewing court presumes that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. "In fact, when the record on appeal is incomplete, a reviewing court should actually 'indulge in every reasonable presumption favorable to the judgment from which the appeal is taken, including that the trial court ruled or acted correctly.' " *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006) (quoting *People v. Majer*, 131 Ill. App. 3d 80, 84 (1985)).

¶ 39 Plaintiff failed to file the report of the proceedings in the court below as to the hearing on the petition to adjudicate or, in the absence of such a report, a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323(c). Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005). We do not have a record of the issues that were addressed or the arguments and evidence that were presented or considered by the trial court in granting the petition to adjudicate the lien and in making its finding that the lien was properly perfected. Under these circumstances, and based on the record on appeal, we cannot conclude that the trial court's December 2, 2009, order was in error.

¶ 40 Plaintiff also appeals from the denial of his motion to reconsider the granting of the petition to adjudicate. The motion challenged the circuit court's application of the Attorneys Lien Act to the facts, and raised new arguments and legal theories, including argument that the trial court was divested of jurisdiction. Following a hearing, the trial court denied plaintiff's motion for reconsideration, stating: "You violated certain court rules, 2.3, when you failed to schedule a hearing for your motion within 90 days. It's also denied for the same reasons as I denied your original motion and it is clear to me that these matters are collateral–which are before me now, are collateral and incidental to the merits of the case." As discussed, plaintiff failed to include the report of the proceedings or a bystander's report of the December 2 hearing on the petition to adjudicate the lien, and therefore we do not have a record of the issues that were addressed, or the arguments and evidence that were presented or considered by the trial court when granting the petition to adjudicate the lien and making its finding that the lien was properly perfected. As the denial of the motion to reconsider was based in part on the same arguments and evidence at the December 2 hearing that plaintiff failed to incorporate in the appellate record, we must presume the order of the trial court denying the motion for reconsideration was in "conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 391-92.

¶ 41 CONCLUSION

¶ 42 Accordingly, we affirm the trial court's orders granting Mr. Lerum's petition to adjudicate the lien and denying plaintiff's motion to reconsider that order.

¶ 43 Affirmed.